IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CAROLYN J. HARPER                                                    PLAINTIFF

v.                                              CAUSE NO. 3:12-CV-759-CWR-LRA

MISSISSIPPI DEPARTMENT OF                                          DEFENDANTS
HUMAN SERVICES, ET AL.

## ORDER

Before the Court is the motion to dismiss filed by two of the defendants in this action, the Mississippi State Personnel Board and Diane Harrell. Docket No. 11. The plaintiff moved to continue in lieu of filing a response brief. Docket No. 14. After reviewing the factual allegations, arguments, and applicable law, the motion to dismiss will be granted in part and denied in part, and the motion to continue will be denied as moot.

I.      **Factual and Procedural History**

In November 2012, plaintiff Carolyn J. Harper filed this complaint in this Court against the Mississippi Department of Human Services, the Mississippi State Personnel Board, and several individuals who appear to be employees of those agencies. Docket No. 1. Harper alleged that on January 27, 2010, she was subjected to several unlawful and tortious acts, including false arrest, retaliation, theft, wrongful termination, fraud, and assault. *Id.* at 1-2. She sought reinstatement and damages of $7 billion. *Id.* at 3.

An EEOC Charge of Discrimination was attached to the complaint. Docket No. 1-1. In it, Harper alleged that the Mississippi Department of Human Services had terminated her in violation of the Age Discrimination in Employment Act and the Americans with Disabilities Act. *Id.* Considering this document alongside the allegations in the complaint, it appears that Harper alleges she was wrongfully terminated from employment with the Department of Human Services, and brings claims against that agency and the Mississippi State Personnel Board relating to their conduct during and after that termination.

At present, the only defendant that has been served with process is Dianne Harrell. Docket No. 9. A state government website indicates that she is Director of the Employee Appeals Board of the State of Mississippi. Counsel for the State of Mississippi has entered his appearance and filed

this motion to dismiss on Harrell's behalf and on behalf of the Mississippi State Personnel Board. *See* Docket No. 11. No other agencies or defendants have been served with process, and therefore no claims against those agencies or defendants are resolved in this Order. Docket No. 10.

## II.     Arguments

The Mississippi State Personnel Board and Harrell argue that they are immune from liability on all of Harper's federal and state law theories of relief. Docket No. 11.

Harper responded by filing a motion to continue. Docket No. 14. The document asserts a number of legal conclusions – *e.g.*, "3) 7.9.13 Unlawful use of FMLA to reduce permanent state employee salary" – but does not actually request a continuance. The Court will construe the document as Harper's response brief.

The defendants did not file a rebuttal.

## III.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of actions that fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but need not have "detailed factual allegations." *Id.* (quotation marks and citation omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (citation omitted).

Since *Iqbal*, the Fifth Circuit has stated that the Supreme Court's "emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.44 (5th Cir. 2011).

## IV.     Discussion

### A.     State law and 42 U.S.C. § 1983 claims

"The Eleventh Amendment bars suits by private citizens against a state in federal court.  The

bar applies not only to the state itself, but also protects state actors in their official capacities." *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citations omitted). "It is clear, of course, that in the absence of consent a [federal court] suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Lewis v. Univ. of Texas Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (quotation marks and citation omitted); *see Bryant v. Military Dep't of Miss.*, 381 F. Supp. 2d 586, 591 (S.D. Miss. 2005). "[A] suit against state officials for retroactive monetary relief, whether based on federal or state law, must be brought in state court." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 122 (1984).

In addition, States are not liable for claims arising under 42 U.S.C. § 1983 because States are not considered "persons" under that statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see Bryant*, 381 F. Supp. 2d at 592. "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will*, 491 U.S. at 66.

The Mississippi State Personnel Board is an arm of the State of Mississippi. Because the State of Mississippi has not consented to be sued in federal court for state law claims, and because it has no liability under § 1983, those claims against it will be dismissed. For the same reasons, Harper's state law and § 1983 claims against Harrell in her official capacity, if any, will also be dismissed.[1] *See LeBlanc*, 627 F.3d at 124.

### B.      Claims Against Harrell in her Individual Capacity

"Plaintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).

Harper's complaint does not contain specific allegations describing what Harrell did to violate Harper's rights. As a result, the complaint does not plausibly show how Harrell could be liable to Harper under any cause of action. Harrell's individual-capacity claims may be dismissed from this suit.

---

[1]  Harper's state law claims are also barred by the statute of limitations because she did not file a notice of claim within one year of January 27, 2010. *See Barnes v. Singing River Hosp. Sys.*, 733 So. 2d 199, 202 (Miss. 1999) ("The Mississippi Legislature has conclusively stated that the one-year statute of limitations set out in § 11-46-11(3) applies to all actions against governmental entities under the Mississippi Tort Claims Act, regardless of any other statutes of limitations that would otherwise apply.")

Case 3:12-cv-00759-CWR-LRA   Document 15   Filed 04/15/13   Page 4 of 4

Plaintiffs who fail to state a plausible claim against a defendant, though, are generally entitled to amend their complaint to make their best case. *See Gordon v. Davis*, No. 3:10-CV-579, 2011 WL 3665128, at *5 (S.D. Miss. Aug. 19, 2011) ("Courts typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to court order"). Accordingly, Harper shall have up to and through May 20, 2013, in which to file an amended complaint that explains how Harrell is liable under § 1983 in her individual capacity. *See Nat'l Corporate Tax Credit Fund VII v. Busching*, No. 3:04-CV-559, 2006 WL 13236, at *2 (S.D. Miss. Jan. 3, 2006) (granting leave to amend instead of dismissal where plaintiff failed to plead fraud with specificity).

Harper is cautioned that her amended complaint must comply with Federal Rules of Civil Procedure 8 and 12. As discussed above, blanket assertions that a defendant is liable are not enough; the complaint must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

## V.      Conclusion

All claims pending against the Mississippi State Personnel Board are dismissed. Also dismissed are all state law and official-capacity claims pending against Harrell. Harper is granted up to and through May 20, 2013, to amend her complaint to state individual-capacity claims against Harrell.

Harper's Title VII claims are unaddressed in this Order because the EEOC Charge of Discrimination suggests that they lie against the Mississippi Department of Human Services only, which has not been served with process.

For these reasons, the motion to dismiss in granted in part and denied in part, and the motion to continue is denied as moot.

**SO ORDERED**, this the 15th day of April, 2013.

                                                  s/ Carlton W. Reeves
                                                  UNITED STATES DISTRICT JUDGE