IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CAROLYN J. HARPER**                                                            **PLAINTIFF**

**v.**                                                                    **CAUSE NO. 3:12-CV-759-CWR-LRA**

**MISSISSIPPI DEPARTMENT OF**                                **DEFENDANTS**
**HUMAN SERVICES, ET AL.**

## ORDER

The facts of this case have been sufficiently outlined in the Court's previous ruling on separate motions of the Defendant and the Mississippi State Personnel Board, which has since been dismissed. *See Harper v. Mississippi Dep't of Human Servs.*, 3:12-CV-759-CWR-LRA, 2013 WL 1624580 (S.D. Miss. Apr. 15, 2013). In that ruling, this Court dismissed all state law and federal claims against the Mississippi State Personnel Board, as well as all state and federal claims against Defendant Diane Harrell in her official capacity. *Id*. at *2. The Court, however, granted Plaintiff "up to and through May 20, 2013, to amend her complaint to state individual-capacity claims against Harrell." *Id*. at *3.

On May 17, 2013, Plaintiff filed her Amended Complaint with the Court, which she has labeled, "Amendment." *See* Docket No. 16. On June 6, 2013, Defendant filed the current motion to dismiss, alleging, in part, that to the extent Plaintiff has stated a claim for relief, Harrell is entitled to qualified immunity. Docket No. 17. Instead of filing a response brief, the Plaintiff moved to continue. Docket No. 20. Having reviewed the motions, pleadings, memoranda and arguments of the parties, and attachments submitted thereto, this court finds that Defendant's motion should be granted and Plaintiff's motion to continue should be denied as moot.

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable

1

inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The complaint must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but need not have "detailed factual allegations." *Id*. (citation and quotation marks omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. (citation omitted).

"Plaintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted).

In *Harper v. Mississippi Dep't of Human Servs.*, the Court enlightened Plaintiff of the fact that her "complaint [did] not contain specific allegations describing what [Defendant] did to violate [Plaintiff's] rights." *Id*. at *3. "As a result," the Court explained, Plaintiff's "complaint [did] not plausibly show how Harrell could be liable to [Plaintiff] under any cause of action." *Id*. As previously stated, the Court admonished Plaintiff to amend her Complaint, allowing her substantial time to rectify it in order to state a plausible claim against Defendant in her individual capacity. *Id*. at *2-3. The Court further cautioned Plaintiff that "her amended complaint must comply with Federal Rules of Civil Procedure 8 and 12." *Id*. at *3. After scrutinizing Plaintiff's Amended Complaint, in which the sole allegation against Harrell is that Plaintiff gave Harrell a money order for $50.00 and that Harrell told her she "would receive a letter in the mail with time and date to appear," *see* Docket No. 16, the Court still finds that it is flawed, because it does not state a plausible claim against Defendant. This flaw is fatal to Plaintiff's relief. She still has not

placed before the Court sufficient factual content which allows the Court to draw any reasonable inference that Harrell is liable for the purported misconduct. As the Court indicated in its prior ruling, "blanket assertions that a defendant is liable are not enough." 2013 WL 1624580, at *3. Plaintiff was given an opportunity to amend her complaint and to make her best case. *See id*. at *2 (citing *Gordon v. Davis*, No. 3:10-CV-579, 2011 WL 3665128, at *5 (S.D. Miss. Aug. 19, 2011)). This best case, however, is due to be dismissed.

For these reasons, the motion to dismiss is granted, and the motion to continue is denied as moot.

**SO ORDERED**, this the 26th day of February, 2014.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE